David M. Grey, Esq.  Bar #124793
david@greyslaw.com
GREY & GREY
3205 Ocean Park Blvd., Suite 260
Santa Monica, CA 90405
310/444-1980   fax 310/444-1970

Attorneys for Plaintiff
W.A. a minor, by and through his Guardian Ad Litem, Victoria Anderson

*UNITIED STATES DISTRICT COURT*

*EASTERN DISTRICT OF CALIFORNIA*

| | |
|---|---|
| W.A., a minor, by and through his Guardian Ad Litem, Victoria Anderson<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>Panama-Buena Vista Union School District,<br><br>　　　　　　Defendants. | Case No.<br><br>Complaint<br><br>[Violation of IDEA<br>[20 U.S.C. §1400 *et seq.*] |

1. W.A. seeks review of an order from the California Office of Administrative Hearings (OAH) dismissing his claim that Panama's "2/28/20 IEP deprived [him] of FAPE by not considering or addressing his needs in the least restrictive environment". That OAH order found

Complaint and Demand for Jury Trial

that this claim was barred by res judicata and collateral estoppel because of its 3/21/20 Decision regarding the 2/28/20 IEP in OAH case #2020090289. The 3/21/20 OAH Decision is before this court for review in *W.A. v. Panama Buena Vista Union School District*, Case # 1:21-CV-00539-JLT-BAK.

2. Plaintiff W.A. is an elementary school aged child. He suffers with Autism and ADHD. These mental impairment manifest as difficulty with social interaction and communication, various fixations and difficulty moderating his behavior to conform to societal and school norms. He would say "fuck" and "Bitch" at school to teachers, staff and other children. He hit and hurt other children and teachers, resulting in bruises, black eyes and injuries requiring medical attention. He brings this action through his Guardian Ad Litem, Victoria Anderson, using only his initials as provided by Federal Rules of Civil Procedure, Rule 5.2(a)(3). W.A. seeks reversal of an order under 20 U.S.C. §1400 *et seq.* dismissing his administrative claim

## *JURISDICATION*

3. Jurisdiction of this court is invoked under 20 U.S.C. §1415(i)(3)(A)("[t]he district courts of the United States shall have jurisdiction of actions brought under this section without regard to the amount in controversy") and 28 U.S.C. Sections 1331 and 1343 which

affords original jurisdiction of actions arising from federal questions under the Constitution or laws of the United States.

## *PARTIES*

4. W.A. is a child with a disability entitled to the benefits of 20 U.S.C. §1400 *et seq.* (IDEA) and California Education Code. He lives within the boundaries of the Panama-Buena Vista Union School District (Panama) and attends school within that District.

5. Panama is a public school District in California, governed IDEA and the California Education Code.

6. OAH is a state agency acting under contract with the California Department of Education. OAH is responsible for handling due process hearings involving issues relating to the identification, evaluation, special education and related services, or educational placement of a child with a disability, or the provision of a free appropriate public education (FAPE) to the child under IDEA and the California Education Code.

## FACTS

7. At all times relevant herein, W.A. was in a general education class. His cognitive ability (IQ) is well within the average. W.A. is a very capable child academically according to his teachers.

3

8. W.A. attended pre-kindergarten with Panama. He was observed to curse, engage in physical aggression and behaviors that were not appropriate.

9. W.A. attended kindergarten with Panama. He continued to be a good student academically, but his negative behaviors increased dramatically. He would say "fuck" and "bitch" at school to teacher, staff and other children. He was physically aggressive and threatening toward others. He was suspending for hitting hit teacher and had 25 formal behavioral incidents, which the assistant principal described as not normal.

10. Numerous calls home were made by the school about his behavior. W.A. was frequently removed from the classroom and two formal meetings were held to address the negative behavior.

11. Notwithstanding these behaviors, Panama did not assess W.A. for eligibility for services under IDEA, until March 2019 when his mother submitted a written request that her son's behavior be assessed.

12. Panama did not adequately assess W.A. It did not examine his behavior, nor were its assessments thorough, reliable or in compliance with California or federal law. W.A.'s behaviors continued to escalate.

13. Panama held an IEP meeting for W.A. at the end of May 2019. It determined that he was not eligible for an IEP and he was not provided with any special education to adequately address his needs. Panama explained that W.A. was doing too well academically to qualify for services, notwithstanding his negative behavior.

14. Shortly after the May 2019 IEP, during summer school, W.A. became physically aggressive with school staff and later stabbed an aid with a pencil. He was kicked out of summer school.

15. W.A. started 1st grade with physical aggression toward peers. It soon escalated to more cursing and physical aggression. W.A. was suspended and continually removed from class. He bruised and battered teachers and staff and was physically aggressive with other children. The school principal became so concerned with W.A.'s behavior that she started to keep a log of injuries incurred by teachers and staff.

16. Nonetheless, it was not until February 2020 before Panama assessed W.A.'s behavior. Between pre-kindergarten through February 2020 the lack of assessment of W.A.'s behavior left him without equal and/or effective access to his education. His grades and academic achievement declined dramatically. W.A.'s ability to interact with

others grew dramatically more and more deficient, depriving him of educational opportunity commensurate with non-disabled children in his grades.

17. The nature and extent of W.A.'s behavior cried out for assessment and his mother had asked Panama to assess for it and for help. Her requests were ignored.

### OAH *Due Process*

18. In March 2020, W.A.'s mother asked that Panama provide him with an independent educational evaluation for behavior. Panama filed a due process complaint against W.A. asking for a declaration that its assessment was adequate and an order that it need not pay for a behavioral assessment. In September 2020, W.A. filed a due process complaint because Panama had not properly assessed W.A. and denied him a free appropriate public education. In October 2020 Panama filed another complaint seeking an order allowing it to implement a 2/28/20 IEP. The cases were consolidated and assigned case #2020090289.

19. The following issues were tried by OAH in case #2020090289 in January 2020:

    A. Whether or not Panama deprived W.A. of FAPE by

failing to adequately assess him;

    B. Whether or not Panama had to pay for an independent educational evaluation for W.A. in the area of behavior; and

    C. Whether or not Panama's 2/28/20 IEP was necessary to provide W.A. with FAPE and could be implemented without parental consent.

20. An Administrative *Decision* was rendered on 3/15/21. OAH determined that Panama denied W.A. a FAPE because it did not adequately assess his behavior from 9/9/18 through the filing of W.A.'s complaint. An order issued compelling Panama to provide W.A. with 160 hours of specialized academic instruction and for 51.5 hours to be used for behavior intervention services.

21. OAH also found that the behavior assessment done by Panama in February 2020 was adequate and that it did not have to pay for an independent behavioral evaluation. It also found that the 2/28/20 IEP provided W.A. with FAPE and could be implemented without parent consent. These issues are currently under review in *W.A. v. Panama Buena Vista Union School District*, Case # 1:21-CV-00539-JLT-BAK.

22. W.A. filed another administrative claim with OAH in 2022 seeking compensatory education for failure to provide him with FAPE related to the 2/28/20 IEP. His claim was dismissed by OAH based upon

7

Complaint and Demand for Jury Trial

res judicata and collateral estoppel because of the 3/15/20 Decision in OAH Case #2020090289. *Order Granting Request For Reconsideration And Granting Motion To Dismiss*, dated 5/27/22, OAH Case # 202202075. W.A. now seeks review of that order of dismissal.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

23. W.A. has exhausted his administrative remedies as alleged herein. The 5/27/22 order was a final administrative decision. There is nothing more he needs to do to exhaust administrative remedies and/or is excused from doing so because it would be futile.

## *FIRST CAUSE OF ACTION*

(Violation of IDEA 20 U.S.C. §1400 *et seq*., and the California Education Code § 56500 *et seq*. Against all Defendants)

24. Plaintiff incorporates herein by reference paragraphs 1 through 23 of this Complaint.

25. The OAH Order of dismissal is not based upon careful and impartial consideration of all the evidence. It does not address or consider evidence that supports Plaintiff's position and it is

not based upon the laws and rules specified in IDEA or the California Education Code and reflects an abuse of discretion on the part of the Administrative Law Judge. The *Order of dismissal* does not conform to federal and California law, including IDEA and the California Education Code. Plaintiff is entitled to reversal of the *Order*.

## *PRAYER FOR RELIEF*

Plaintiffs prays that judgment be entered against the Defendant as follows:

1. General, special damages and compensatory education;

2. An order reversing the 5/27/22 Order;

6. An order compelling Defendant to provide Plaintiff appropriate placement and services;

7. An order compelling Defendant to convene an IEP meeting to consider the independent educational evaluation;

8. A declaration that W.A. is the prevailing party and entitled to attorney's fees on the issues raised in this complaint;

9. Prevailing party attorney's fees;

10. For the costs of suit incurred herein; and

11. For such other and further relief as the Court deems just

and proper.

Dated:  August 22, 2022                    GREY & GREY

                                           By: S/David M. Grey
                                           David M. Grey
                                           Attorneys for Plaintiffs