UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| W.A., *a minor, by and through his guardian ad litem, Victoria A.*<br><br>Plaintiff,<br><br>v.<br><br>PANAMA BUENA VISTA UNION SCHOOL DISTRICT,<br><br>Defendant. | Case No. 1-22-cv-01057-BAK (EPG)<br><br>ORDER DENYING MOTION TO APPOINT GUARDIAN AD LITEM WITHOUT PREJUDICE<br><br>(ECF No. 7). |

On August 22, 2022, Plaintiff W.A., a minor, filed a complaint seeking review of an administrative decision from the California Office of Administrative Hearings pursuant to 20 U.S.C. § 1400 *et seq.* Plaintiff filed a motion to appoint his mother, Victoria A., as guardian ad litem on August 22, 2022. (ECF No. 2). The Court denied Plaintiff's motion without prejudice for failure to disclose the interest of Plaintiff's counsel in compliance with Local Rule 202(c). Before the Court now is Plaintiff's renewed motion for an order to appoint his mother, Victoria A., as guardian ad litem. (ECF No. 7). For the reasons that follow, the Court will deny the motion without prejudice.

I.   **SUMMARY OF THE MOTION**

The motion incorporates the facts stated in Plaintiff's previous motion (ECF No. 2) along with a declaration from Plaintiff's attorney, David M. Grey (ECF No. 7, p. 2-4). Plaintiff's

1

previous motion states that Plaintiff W.A. is ten years old and a minor. (ECF No. 2). According to that motion, W.A. does not have a guardian ad litem or duly appointed representative, except that Victoria A. has been appointed W.A.'s guardian ad litem in *W.A. v. Panama-Buena Vista Union School District*, No. 1:21-cv-0539-JLT-BAK. (Id.). As the proposed guardian ad litem in this action, Victoria A., "has no interests adverse to the rights of W.A. and is competent and responsible to represent W.A. fully in this action. As W.A.'s mother, she is ideally situated to enforce her son's rights under 20 U.S.C. § 1400 et seq." (Id.).

According to the declaration provided by Mr. Grey, he "was retained by W.A.'s mother on a contingency fee basis meaning that I would only get paid as a prevailing party under the fee shifting provisions of 20 U.S.C. 1400 et seq., the ADA or §504. If we did not win the case, I would not be paid and W.A. and his family would owe me nothing. And I would not receive any compensation by anyone." ECF No. 7, p. 3). Mr. Grey also represents Plaintiff in another pending case, *W.A. v. Panama-Buena Vista Union School District*, No. 1:21-cv-0539-JLT-BAK, under the same retention agreement. (Id.). Mr. Grey further represents that he has not yet received any compensation in representing Plaintiff nor has he ever been employed or affiliated with "any of the defendants, their agents, employees or their insurance carriers nor have they had any involvement whatsoever in my being retained to represent the interests of W.A. and Ms. Anderson." (Id. at p. 3-4).

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

> (a) **Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).
> . . . .
> (c) **Disclosure of Attorney's Interest.**  When the minor or incompetent is

> represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202.

A guardian ad litem needs to be dedicated to the best interests of the minor and "must not face an impermissible conflict of interest with the [minor]." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land,* 795 F.2d 796, 804 9th Cir. 1986).

### III.   DISCUSSION

Plaintiff W.A. is a minor and lacks the capacity to sue under California law. *See Ramirez Fonua v. City of Hayward*, No. 21-CV-03644 SBA, 2022 WL 36007, at *1 (N.D. Cal. Jan. 4, 2022) ("Under California law, an individual under the age of eighteen may enforce his or her rights by civil action or other legal proceedings in the same manner as an adult, except that a guardian must conduct the action or proceedings.") (citing Cal. Fam. Code §§ 6500, 6601). Therefore, appointment of a guardian ad litem is necessary and appropriate. There does not appear to be any conflict of interest between Plaintiff and his proposed guardian ad litem, Victoria A. Additionally, there is nothing to indicated that Victoria A. would not act in Plaintiff's best interests.

However, the renewed motion fails to comply with Local Rule 202(c)'s requirements for disclosure of the terms under which the attorney was employed. Plaintiff's motion states that the attorney is employed "on a contingency fee basis meaning that I would only get paid as a prevailing party under the fee shifting provisions of 20 U.S.C. 1400 et seq., the ADA or §504 . . . ." However, a contingency fee is not the same as payment under prevailing part fee shifting provisions.   It is thus not clear if Plaintiff's counsel is entitled to a contingency fee or compensation as a potential prevailing party.  It also does not describe the amount of any contingency fee.  It does not specify the terms under a settlement versus an award by the Court.

Accordingly, Plaintiff's motion is denied without prejudice.

3

### IV.     CONCLUSION AND ORDER

For the foregoing reasons, IT IS ORDERED that the motion (ECF No. 7) to appoint Victoria A. as guardian ad litem for Plaintiff is DENIED without prejudice. Plaintiff may file a renewed motion to appoint guardian ad litem which fully sets forth the terms under which the attorney was employed. If Plaintiff files a renewed motion, Plaintiff may also attach the retainer agreement between Plaintiff and Plaintiff's counsel.

IT IS SO ORDERED.

Dated:   **September 6, 2022**                    /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE