UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| W.A., *a minor, by and through his guardian ad litem, Victoria A.*,<br><br>Plaintiff,<br><br>v.<br><br>PANAMA BUENA VISTA UNION SCHOOL DISTRICT,<br><br>Defendant. | Case No. 1:22-cv-01057-BAK (EPG)<br><br>ORDER GRANTING PLAINTIFF'S SECOND RENEWED MOTION TO APPOINT GUARDIAN AD LITEM<br><br>(ECF No. 9). |

Before the Court is Plaintiff's second renewed motion to appoint guardian ad litem in this action. (ECF No. 9). Plaintiff initiated this action on August 22, 2022, seeking review of an administrative decision from the California Office of Administrative Hearings pursuant to 20 U.S.C. § 1400 *et seq*. The Court denied Plaintiff's first motion to appoint guardian ad litem without prejudice for failure to disclose the interest of Plaintiff's counsel in compliance with Local Rule 202(c). (ECF Nos. 5,6). On August 31, 2022, Plaintiff filed a renewed motion to appoint guardian ad litem. (ECF No. 7). The Court denied Plaintiff's renewed motion due to a lack of clarity regarding whether Plaintiff's counsel was employed on a contingency fee basis or expected payment under the applicable fee shifting provision. (ECF No. 8). On September 7, 2022, Plaintiff filed a second renewed motion to appoint his mother, Victoria A., as guardian ad

1

litem in this action. (ECF No. 9). For the following reasons, the Court will grant Plaintiff's motion.

### I. SUMMARY OF THE MOTION

The motion incorporates the facts stated in Plaintiff's previous motions (ECF Nos. 2,7). Plaintiff's renewed motion also includes a supplemental declaration from Plaintiff's attorney, David M. Grey. (ECF No. 9 at 2-3).

Plaintiff's first motion states that Plaintiff W.A. is ten years old and a minor. (ECF No. 2). According to that motion, W.A. does not have a guardian ad litem or duly appointed representative, except that Victoria A. has been appointed W.A.'s guardian ad litem in *W.A. v. Panama-Buena Vista Union School District*, No. 1:21-cv-0539-JLT-BAK. (Id.). As the proposed guardian ad litem in this action, Victoria A., "has no interests adverse to the rights of W.A. and is competent and responsible to represent W.A. fully in this action. As W.A.'s mother, she is ideally situated to enforce her son's rights under 20 U.S.C. § 1400 et seq." (Id.).

According to Mr. Grey's declaration attached to Plaintiff's second motion, Mr. Grey "was retained by W.A.'s mother on a contingency fee basis meaning that I would only get paid as a prevailing party under the fee shifting provisions of 20 U.S.C. 1400 et seq., the ADA or §504. If we did not win the case, I would not be paid and W.A. and his family would owe me nothing. And I would not receive any compensation by anyone." (ECF No. 7, p. 3). Mr. Grey also represents Plaintiff in another pending case, *W.A. v. Panama-Buena Vista Union School District*, No. 1:21-cv-0539-JLT-BAK, under the same retention agreement. (Id.). Mr. Grey further states that he has not yet received any compensation in representing Plaintiff nor has he ever been employed or affiliated with "any of the defendants, their agents, employees or their insurance carriers nor have they had any involvement whatsoever in my being retained to represent the interests of W.A. and Ms. Anderson." (Id. at p. 3-4).

Mr. Grey's supplemental declaration seeks to cure the deficiencies described in the Court's previous order. (ECF No. 9 at 2). Mr. Grey clarifies that by stating,

> "[O]n a contingency fee basis meaning that I would only get paid as a prevailing party under the fee shifting provisions of 20 U.S.C. 1400 et seq., the ADA or §504 . . . .", I was trying to convey that payment was contingent on the fee shifting provisions in 20 U.S.C. et seq, the ADA or §504. I did not mean to convey that

2

> there was any type of contingency fee payment arrangement where I would receive a percentage of recovery, or its value, or any payment other than through a court approved payment under the fee shifting statutory provisions. I expect W.A. to get the benefit of the full recovery and that it will not be diminished or reduced to pay attorney[s'] fees.

(ECF No. 9 at 2) (internal citations omitted). In response to the Court's concern about compensation in the event of settlement, Mr. Grey represents that the terms of his retention agreement with Plaintiff do not allow compensation without Court approval because Mr. Grey would either need to submit a request for the Court to approve the settlement, or otherwise obtain Court approval of compensation via a motion for prevailing party attorneys' fees. (Id. at 3). More specifically, in the event of settlement, the request for approval of that settlement would "include a statement of W.A.'s net recovery and an explanation of, and court approval for my attorney's fees, including details of the lodestar (rate and hours worked)." (Id.) Finally, Mr. Grey reiterates that he will receive "no fee if we lose and the client will owe me nothing." (Id.)

## II.  LEGAL STANDARDS

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

> (a) **Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).
> . . . .
>
> (c) **Disclosure of Attorney's Interest.**  When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202.

A guardian ad litem needs to be dedicated to the best interests of the minor and "must not

face an impermissible conflict of interest with the [minor]." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land,* 795 F.2d 796, 804 9th Cir. 1986).

### III.  DISCUSSION

Plaintiff W.A. is a minor and lacks the capacity to sue under California law. *See Ramirez Fonua v. City of Hayward*, No. 21-CV-03644 SBA, 2022 WL 36007, at *1 (N.D. Cal. Jan. 4, 2022) ("Under California law, an individual under the age of eighteen may enforce his or her rights by civil action or other legal proceedings in the same manner as an adult, except that a guardian must conduct the action or proceedings.") (citing Cal. Fam. Code §§ 6500, 6601). Therefore, appointment of a guardian ad litem is necessary and appropriate. There does not appear to be any conflict of interest between Plaintiff and his proposed guardian ad litem, Victoria A. Additionally, there is nothing to indicated that Victoria A. would not act in Plaintiff's best interests.

The Court is satisfied that Plaintiff has complied with the provisions of Local Rule 202(c). Mr. Grey was retained by Plaintiff in this action as a result of his representation of Plaintiff in a related case, and not at the request of any opposing party. Additionally, Mr. Grey has no past or present affiliation with any opposing party. Further, Plaintiff's renewed motion clarifies the terms under which Mr. Grey is to receive compensation both in the event of a settlement or a favorable outcome for Plaintiff. As set forth in Mr. Grey's supplemental declaration, the Court would ultimately approve the amount of compensation Mr. Grey were to receive either through approval of any settlement or by granting a motion for attorneys' fees as submitted pursuant to the applicable fee-shifting provisions. Finally, the Court notes that Mr. Grey only expects to potentially receive compensation in the event of settlement or a favorable outcome to Plaintiff.

Accordingly, IT IS ORDERED that;

1. Plaintiff's second renewed motion to appoint guardian ad litem (ECF No. 9) is GRANTED; and

\\\
\\\

2.  Victoria Anderson is hereby appointed as Plaintiff's guardian ad litem.

IT IS SO ORDERED.

Dated:  **September 20, 2022**          /s/ Erica P. Grosjean
                                                        UNITED STATES MAGISTRATE JUDGE

5