David M. Grey, Esq.  Bar #124793
david@greyslaw.com
GREY & GREY
3205 Ocean Park Blvd., Suite 260
Santa Monica, CA 90405
310/444-1980   fax 310/444-1970

Attorneys for Plaintiff
W.A. a minor, by and through his Guardian Ad Litem, Victoria Anderson

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| W.A., a minor, by and through his Guardian Ad Litem, Victoria Anderson<br><br>Plaintiff,<br><br>vs.<br><br>Panama-Buena Vista Union School District,<br><br>Defendants. | Case No. 1:22-CV-01057-JLT<br><br>Opposition to Rule 12(b)(6) Motion to Dismiss (ECF 17)<br><br>Date: 2/24/23<br>Time: 10:30 a.m.<br>Court: Bakersfield |

1. W.A.'s Complaint States a Cause of Action

W.A.'s complaint seeks reversal of an Order by the California Office of Administrative Hearing (OAH) rendered under 20 U.S.C.

§1400 *et seq*. W.A. has a right to bring this civil action in federal court under 20 U.S.C. §1415(i)(2)(A), which provides:

> "Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy."

And:
> "In any action brought under this paragraph, the court—
> (i) shall receive the records of the administrative proceedings;
> (ii) shall hear additional evidence at the request of a party; and
> (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate."

20 U.S.C. §1415(i)(2(C).

The Complaint alleges that W.A. is an aggrieved party because "[h]is claim was dismissed by OAH based upon res judicata and collateral estopel." ECF 1, ¶22. The Complaint goes on to allege that "[t]he *Order of dismissal* does not conform to federal and California law, including IDEA and the California Education Code." ECF 1, ¶25.

A complaint must allege sufficient facts so the claim for relief is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell*

2

*Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). The liberal system of "notice pleading" set up by the Federal Rules of Civil Procedure, Rule 8(a)(2) requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief."

W.A. has meet these requirements. His allegations notify Panama that he brings this civil action because he is aggrieved by the OAH Order. The allegations notify Panama about the precise issues which he lost at OAH and which make him an aggrieved party under 20 U.S.C §1415(i)(2)(A). Panama does not argue otherwise.

2. Issue Preclusion Does not Bar W.A.'s Complaint

Panama reaches beyond the allegations in the complaint[1]. It argues that OAH correctly applied res judicata and collateral estoppel and the complaint should be dismissed. Panama ignores that reviewing court's "shall receive the records of the administrative proceedings" additional evidence and base its decision upon a preponderance of the evidence. 20 U.S.C. §1415(i)(2(C).

A court cannot consider applicability of issue preclusion in an IDEA case without reviewing the administrative record as a whole, which goes beyond the scope of a motion under 12(b)(6), which is limited defects raised on the face of the complaint.

---

[1] W.A. objects to Panama's request for judicial notice of the OAH order of dismissal. It deviates from 20 U.S.C. §1415(i)(2)(C) by presenting only an incomplete administrative record.

3

Opposition to Motion to Dismiss

W.A.'s complaint is not barred by res judicata or collateral estoppel. The general legal principles about vindicating a single primary do not apply in IDEA, which expressly authorizes "separate due process complaint[s] on an issue separate from a due process complaint already filed." 20 U.S.C. §1415(o). Here the second administrative complaint brought claims for affirmative relief not raised by W.A. in the consolidated due process cases that resulted in the initial *Decision*.

W.A.'s prior administrative complaint did not include a claim that the February 2020 IEP deprived him of FAPE. This is a claim where W.A. now seeks affirmative relief, unlike the claims brought by Panama as part of its case.

Moreover, collateral estoppel and res judicata do not apply under California law when the prior case is not yet final because an appeal is pending. See *Eichman v. Fotomat Corp.*, 759 F.2d 1434 (9th Cir. 1985). Review of the *Decision* is pending before the district court and is not yet final for purposes of issue or claim preclusion. See 1:21-cv-00539-JLT-CDB (the matter has been submitted since 8/15/22).

The initial Decision cannot be final given that review by the District court is de novo. "[W]hen the court has before it all the evidence regarding the disputed issues, it may make a final judgment in what is not a true summary judgment procedure [but] a bench trial based on a stipulated record"). *J.G. ex rel. Jimenez v. Baldwin Park Unified School Dist.*, 78 F.Supp.3d 1268, 1279 (C.D. CA, 2015).

The court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and make a decision on the preponderance of the evidence and grant such relief determined to be appropriate 20 U.S.C. §1415(i)((2)(C).

Questions of law are reviewed de novo, as are mixed questions of law and fact unless the mixed question is primarily factual. *N.B. v. Hellgate Elementary Sch. Dist.*, 541 F.3d 1202,1207 (9th Cir. 2008).

Even if collateral estoppel and res judicata were a bar to the claims raised in this case, the proper relief is to stay this proceeding pending resolution of 1:21-cv-00539-JLT-CDB. See *Cottle v. Superior Court*, (1992) 3 Cal. App. 4th 1367, 1376-1379); Rule 3.515, California Rules of Court. W.A. asked OAH to stay the proceedings, but it never addressed that issue. That request is contained in the administrative record. The failure of OAH to even consider a stay is part of the error alleged in the complaint.

If the case is dismissed now, even without prejudice, and should this Court rule in W.A.'s favor, the claims now pending in this case will become time barred by the statute of limitations[2]. A stay solves that problem.

**3. Conclusion**

---

[2] There is a two year statute of limitation for IDEA claims in California. Education Code §56505(l). Any action by W.A. seeking affirmative relief for claims that the IEP deprived him of FAPE ran out after 2/20/22.

Panama's motion to dismiss should be denied. At the very least, W.A. should be granted leave to amend. He can easily allege yet more facts, if deemed necessary by the court, including clarification as to why it was error for OAH to not even consider staying the administrative proceedings pending final review of 1:21-cv-00539-JLT-CDB.

Dated:  January 23, 2023  GREY & GREY

By: S/David M. Grey
David M. Grey
Attorneys for Plaintiffs