# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| W.A., a minor, by and through his Guardian Ad Litem, Victoria Anderson,<br><br>Plaintiff,<br><br>v.<br><br>PANAMA BUENA VISTA UNION SCHOOL DISTRICT,<br><br>Defendant. | Case No. 1:22-cv-01057-JLT-CDB<br><br>ORDER REGARDING MOTION TO DISMISS |

In this action, W.A., an elementary school student within the Panama Buena Vista School District, asserts that he has autism and attention deficit and hyperactivity disorder. He explains that these conditions result in his difficulty with social interaction, communication, and conforming to societal and school norms. (Doc. 1 at 1, 3.) On February 17, 2022, W.A. filed a due process complaint with the California Office of Administrative Hearings, Case No. 2022020753. Therein, W.A. claims the District violated the Individuals with Disabilities Education Act (20 U.S.C. § 1400 *et seq.*) and the implementing state law (Education Code § 56000 *et seq.*) on grounds the District's February 28, 2020 Individual Education Program deprived him of a Free Appropriate Public Education by not considering or addressing his needs in the Least Restrictive Environment. (Doc. 1 at 1-3; *see also* Doc. 17-1 at 4; Doc. 17-2 at 3-10.)

1

On May 27, 2022, OAH Administrative Law Judge Marlo Nisperos issued a decision granting the District's motion to dismiss the due process complaint because it was precluded by res judicata and collateral estoppel. ALJ Nisperos found the District had raised the same claim and issue in the parties' earlier consolidated proceeding under lead OAH Case No. 2020090289,[1] which resulted in a March 15, 2021 OAH Decision in favor of the District on that issue.[2] (Doc. 17-2 at 9; *see also* Doc. 1 at 1-2.) Specifically, ALJ Nisperos found in his May 27, 2022 Decision that:

> The March 15, 2021 OAH decision was a final judgment on the merits that found the February 28, 2020, IEP offer provided Student a FAPE in the least restrictive environment. The decision involved the same parties and the same claim. OAH's decision was a judgment by a tribunal of competent jurisdiction.

(Doc. 17-2 at 9-10.)

W.A., by and through his mother and guardian ad litem Victoria Anderson, began this federal proceeding on August 22, 2022, by filing a complaint stating a single cause of action seeking review of the May 27, 2022 OAH Decision pursuant to the IDEA, 20 U.S.C. § 1415(i)(2)(A). (Doc. 1 at 8-9; Doc. 10.) W.A. asserts the May 27, 2022 OAH Decision was not based upon a careful and impartial consideration of all the evidence and the controlling laws and rules. (Doc. 1 at 8-9.) W.A. seeks relief including (1) reversal of the May 27, 2022 OAH Decision, (2) general and special damages, (3) a compensatory education, (4) appropriate special education placement and services, and (5) a declaration W.A. is the prevailing party along with prevailing party attorneys' fees, and costs. (Doc. 1 at 9-10.)

The District seeks dismissal of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. District argues that ALJ Nisperos correctly found res judicata and collateral estoppel barred the Complaint. Particularly, the District argues the March 15, 2021 OAH Decision is a final merits ruling between the parties on the same claim and issue. (Doc. 17 at 1-2; *see also* Docs. 17-1 at 2-4; 17-2, 17-2.)

---

[1] Consolidated with OAH Case Nos. 2020070003 and 2020100652.

[2] W.A. sought review of the March 15, 2021 OAH Decision in the separate matter of *W.A. v. Panama Buena Vista Union School District*, E.D. Cal. Case No. 1:21-cv-00539-JLT-CDB, in which the Court affirmed that OAH Decision on June 26, 2024. (*See* Doc. 43 therein.)

2

# I. FACTUAL AND PROCEDURAL BACKGROUND

The Complaint alleges that:

> At all times relevant herein, [Student] was in a general education class. His cognitive ability (IQ) is well within the average. [He] is a very capable child academically according to his teachers.
>
> [He] attended pre-kindergarten with [District.] He was observed to curse, engage in physical aggression and behaviors that were not appropriate.
>
> [He] attended kindergarten with [District.] He continued to be a good student academically, but his negative behaviors increased dramatically. He would say "fuck" and "bitch" at school to teacher, staff and other children. He was physically aggressive and threatening toward others. He was suspend[ed] for hitting hit teacher and had 25 formal behavioral incidents, which the assistant principal described as not normal.
>
> Numerous calls home were made by the school about his behavior. [He] was frequently removed from the classroom and two formal meetings were held to address the negative behavior.
>
> Notwithstanding these behaviors, [District] did not assess [Student] for eligibility for services under IDEA, until March 2019 when his mother submitted a written request that her son's behavior be assessed.
>
> [District] did not adequately assess [Student]. It did not examine his behavior, nor were its assessments thorough, reliable or in compliance with California or federal law. His behaviors continued to escalate.
>
> [District] held an IEP meeting for [Student] at the end of May 2019. It determined that he was not eligible for an IEP and he was not provided with any special education to adequately address his needs. [District] explained that [Student] was doing too well academically to qualify for services, notwithstanding his negative behavior.
>
> Shortly after the May 2019 IEP, during summer school, [Student] became physically aggressive with school staff and later stabbed an aid[e] with a pencil. He was kicked out of summer school.
>
> [Student] started 1st grade with physical aggression toward peers. It soon escalated to more cursing and physical aggression. [Student] was suspended and continually removed from class. He bruised and battered teachers and staff and was physically aggressive with other children. The school principal became so concerned with [his] behavior that she started to keep a log of injuries incurred by teachers and staff.
>
> Nonetheless, it was not until February 2020 before [District] assessed [Student's] behavior. Between pre-kindergarten through February 2020 the lack of assessment of [his] behavior left him without equal and/or effective access to his education. His grades and academic achievement declined dramatically. [His] ability to interact with others grew dramatically more and more deficient, depriving him of educational opportunity commensurate with non-disabled children in his grades.
>
> [---]

3

OAH Due Process

> In March 2020, [Student's] mother asked that [District] provide him with an independent educational evaluation for behavior. [In June 2020, District] filed a due process complaint against [Student] asking for a declaration that its assessment was adequate and an order that it need not pay for a behavioral assessment. In September 2020, [Student] filed a due process complaint because [District] had not properly assessed [him] and denied him a free appropriate public education. In October 2020 [District] filed another complaint seeking an order allowing it to implement a 2/28/20 IEP. The cases were consolidated and assigned case #2020090289.
>
> The following issues were tried by OAH in case #2020090289 in January 2021:
>
> [---]
>
> C. Whether or not [District's] 2/28/20 IEP was necessary to provide [Student] with FAPE and could be implemented without parental consent.
>
> An Administrative Decision was rendered on 3/15/21.
>
> [---]
>
> [Therein,] OAH . . . found that the 2/28/20 IEP provided [Student] with FAPE and could be implemented without parent consent.[3]

(Doc. 1 at 3-8.)

## II. MOTIONS TO DISMISS

A motion to dismiss pursuant to Rule 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. Dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

The court must accept as true the facts alleged in the complaint and determine whether the complaint "contain[s] sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

---

[3] See n.3.

4

(quoting *Twombly*, 550 U.S. at 556). The court generally construes the pleading in the light most favorable to the party opposing the motion. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). If the Court considers matters outside the pleadings in ruling on a motion to dismiss, that motion must be converted into one for summary judgment. Fed. R. Civ. P. 12(d). However, as discussed below, an exception to this general rule exists for (1) materials that are attached to the complaint or necessarily relied upon by it, and (2) matters of public record. *Lee*, 250 F.3d at 688-89.

The Court has observed that a motion to dismiss on the basis of res judicata or collateral estoppel may properly be brought under Rule 12(b)(6). *Wooley v. Martel*, 2011 WL 350429, at *3 (E.D. Cal. Feb. 2, 2011) (citing *Neitzke v. Williams,* 490 U.S. 319, 328 (1989)) ("When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate[.]"); *Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984) (courts may consider the affirmative defense of preclusion upon a Rule 12(b)(6) motion, but only if that affirmative defense raises no disputed issues of fact); *Day v. Moscow,* 955 F.2d 807, 811 (2nd Cir. 1992) (concluding that, although generally an affirmative defense, res judicata may be raised in a Rule 12(b)(6) motion "when all relevant facts are shown by the court's own records, of which the court takes notice").

On a motion to dismiss, a court properly may consider matters subject to judicial notice pursuant to Federal Rule of Evidence 201. *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1128-29 (C.D. Cal. 2007) (citing *Mir, M.D. v. Little Co. of Mary Hosp.,* 844 F.2d 646, 649 (9th Cir.1988)).

### III. THE IDEA

The IDEA provides federal funds to help state and local agencies educate children with disabilities while conditioning the funds on compliance with specific goals and procedures, primarily the obligation to provide a FAPE that emphasizes special education and related services designed to meet their unique needs and prepare them for further education in the LRE. 20 U.S.C. §§ 1400, 1412. Among the procedures mandated by the IDEA is the development of a written IEP for each

5

child with a disability. 20 U.S.C. § 1401. The IEP is crafted to meet the unique needs of each child with a disability by a team that includes a representative of the local educational agency, the child's teacher and parents, and, when appropriate, the child. 20 U.S.C. § 1414(a)(5).

The IDEA also contains extensive procedural safeguards for the benefit of disabled children and their parents, including the opportunity to review records, the right to be notified of any changes in identification, evaluation, and placement of the student, as well as the right to file a due process complaint regarding their child's education. 20 U.S.C. § 1415(b-h). Under the IDEA, "[a]ny party aggrieved by the findings and decision made [by the administrative hearing officer] . . . shall have the right to bring a civil action with respect to the complaint presented . . . which action may be brought . . . in a district court of the United States." 20 U.S.C. § 1415(i)(2)(A). In these actions, the reviewing court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C).

## IV. DISCUSSION AND ANALYSIS

**A.    Judicial Notice and Incorporation by Reference**

**1.    Judicial Notice**

District requests judicial notice of: (1) the May 27, 2022 OAH Decision; and (2) W.A.'s complaint in E.D. Cal. Case No. 1:21-cv-00539-JLT-CDB (hereinafter the "First Filed Action").[4] (Doc. 17-1 at 2-3, 6-7; Doc. 17-2.)

Federal Rule of Evidence 201 allows a court to take judicial notice of facts not subject to reasonable dispute because the facts are either "(1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).[5] Under Rule 201, a court may

---

[4] District, in its request for judicial notice, errantly refers to the complaint in the First Filed Action as the Complaint herein. (*See* Doc. 17-2 at 2.)

[5] Relatedly, California Evidence Code Section 452(h) provides that a court may take judicial notice of "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy." *J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist.*, 611 F. Supp. 2d 1097, 1108 (E.D. Cal. 2009); *see also Unruh–Haxton v. Regents of University of California,* 162 Cal.App.4th 343, 364 (2007) ("Although the existence of a document may be judicially noticeable, the truth of statements contained in the document and its proper interpretation are not subject to judicial notice if those matters are reasonably disputable.").

properly take judicial notice of public documents in proceedings in other courts, both within and without the federal judicial system, and of its own records in other cases, which have a direct relation to matters at issue. *See Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (same); *Markham v. Tehachapi Unified Sch. Dist.*, 2018 WL 3134865, at *1 (E.D. Cal. June 21, 2018) (citing *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980)) (same); s*ee also Transmission Agency of N. Cal. v. Sierra Pac. Power Co.*, 295 F.3d 918, 924 n.3 (9th Cir. 2002) (taking judicial notice of an administrative law decision).

The Court only takes judicial notice of the contents, or lack of contents, within the documents noticed and not the truth of those contents. *Williams v. Yuba City*, 2024 WL 2853345, at *1 (E.D. Cal. June 5, 2024) (citing *Lee*, 250 F.3d at 690); *see also* S.*B. by & through Kristina B. v. California Dep't of Educ.*, 327 F. Supp. 3d 1218, 1228 (E.D. Cal. 2018) (a court may take judicial notice of the existence of another court's opinion, which is not subject to reasonable dispute, but not for the truth of the facts recited therein).

Here, the Court grants the District's request for judicial notice of public records whose authenticity is not disputed. *Lee*, 250 F.3d at 689-90; Fed. R. Evid. 201(b); *see also Paul G. v. Monterey Peninsula Unified Sch. Dist*., 256 F. Supp. 3d 1064, 1071 (N.D. Cal. 2017) (citing *Mack v. South Bay Beer Distributors, Inc*., 798 F.2d 1279, 1282 (9th Cir. 1986)) (taking judicial notice of a due process complaint and notice of dismissal "because they are records of an administrative agency"); *MGIC Idem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment).

The Court overrules W.A.'s objection to judicial notice, wherein he asserts the District's request is improper under the IDEA because it would allow the Court to consider "an incomplete administrative record." (*See* Doc. 24 at 3 n.1.) W.A. points to 20 U.S.C. § 1415 (i)(2)(C), which as noted, provides inter alia that the district court "shall receive the records of the administrative proceedings[.] (*Id.*)

The Court, in considering District's Rule 12(b)(6) motion is limited to the Complaint, materials that are attached to or necessarily relied upon by the Complaint, and matters of public record. *Lee*,

250 F.3d at 688.  Notably, the Court is not reviewing the May 27, 2022 OAH Decision pursuant to § 1415(i)(2), but rather has before it District's motion to dismiss.  Nor has W.A. provided authority that the IDEA's procedural safeguards (i.e. 20 U.S.C. 1415) preclude or limit relief under Rule 12(b)(6) or the taking of judical notice.  Courts in this Circuit have found otherwise.  *See e.g., Paul G.*, 256 F. Supp. 3d at 1064, 1073 (granting school district's Rule 12(b)(6) motion on grounds IDEA claim is barred by statute of limitations); *S.B.,* 327 F. Supp. 3d at 1233-34, 1240 (applying Rule 12(b)(6) standards to IDEA claims); *M. C. v. Los Angeles Unified Sch. Dist.*, 559 F. Supp. 3d 1112, 1117-18 (C.D. Cal. 2021) (same). Furthermore, W.A. has not identified or requested judicial notice of any portion of the administrative record not before the Court.

### 2. **Incorporation by Reference**

When ruling on a Rule 12(b)(6) motion, in addition to matters judicially noticed, a court may consider documents incorporated by reference in the complaint.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Unlike judicial notice, the court may take the contents of an incorporated document as true for purposes of a Rule 12(b)(6) motion to dismiss unless doing so would "only serve to dispute facts stated in a well-pleaded complaint."  *Khoja,* 899 F.3d at 1003.

The documents proffered for judicial notice are incorporated into the Complaint by reference, they for a basis for the Complaint and are directly relevant to W.A.'s claim therein.  (*See* Doc. 1 at 1-2); *Zella*, 529 F. Supp. 2d at 1128 (a court may consider documents which are not physically attached to the complaint but "whose contents are alleged in [the] complaint and whose authenticity no party questions."). Thus, even without judicial notice, the Court may properly consider the documents at issue because they are incorporated by reference into W.A.'s Complaint.
The Court also finds the March 15, 2021 OAH Decision is incorporated into the Complaint, and thus before the Court on the instant motion to dismiss. (*See* Doc. 1 at 2, 7-8; *see also* First Filed Action, Doc. 28-5 at 233-300 therein.)

**B.     District's Rule 12(b)(6) Motion to Dismiss**

District argues the March 15, 2021 OAH Decision finally resolved between the parties the IDEA claim and issue asserted in the Complaint. (Docs. 17, 17-1.) District argues that allowing W.A. to relitigate these already decided issues, in duplicative actions, would be prejudicial, waste judicial resources, and risk inconsistent decisions. (Doc. 17-1 at 7.)

W.A. responds that the Complaint is not precluded by res judicata and collateral estoppel principles. W.A. re-argues his above discussed objection to judicial notice, that District's instant motion requires consideration of the entire administrative record, which he suggests is not before the Court. W.A. also argues the Complaint does not raise the same claim and issue that was decided in the March 15, 2021 OAH Decision.[6]

Res judicata, also known as claim preclusion, bars parties from relitigating issues that were or could have been raised in a prior action, and can serve as the basis for granting a motion to dismiss. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *see also Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (same). Res judicata is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 n.3 (9th Cir. 2002)). A defendant may raise the affirmative defense of res judicata by way of a motion to dismiss under Rule 12(b)(6) where, as here, there are no disputed issues of fact. *See Scott*, 746 F.2d at 1378.

Collateral estoppel, also known as issue preclusion, "applies to a question, issue, or fact when four conditions are met: (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Oyeniran v. Holder,* 672 F.3d 800, 806 (9th Cir. 2012) as amended May 3, 2012 (citing *Montana v. United States,* 440 U.S. 147, 153-54 (1979)); *see also Clark v. Bear Steams & Co., Inc.,* 966 F.2d 1318, 1320 (9th Cir. 1992)

---

[6] W.A.'s additional argument, that the March 15, 2021 OAH Decision is not "final" because review pursuant to § 1415(i)(2) is pending with the Court, is moot and denied on that basis. The Court takes notice that on June 26, 2024, it affirmed the March 15, 2021 OAH Decision. (*See* the First Filed Action, Doc. 43 therein); Fed. R. Evid. 201; *Intri-Plex Technologies, Inc.,* 499 F.3d at 1052.

(same).

It is generally presumed that "the common-law doctrines of collateral estoppel (as to issues) and res judicata (as to claims) [apply] to those determinations of administrative bodies that have attained finality." *Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104, 107 (1991); *see also B & B Hardware, Inc. v. Hargis Indus., Inc.,* 575 U.S. 138, 148 (2015) ("Both this Court's cases and the Restatement make clear that issue preclusion is not limited to those situations in which the same issue is before two courts.  Rather, where a single issue is before a court and an administrative agency, preclusion also often applies."); *see also United States v. Utah Const. & Mining Co.,* 384 U.S. 394, 421-22 (1966) ("When an administrative agency is acting in a judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose."); *Pac. Lumber Co. v. State Water Res. Control Bd.*, 37 Cal. 4th 921, 944 (2006) (citing *People v. Sims* 32 Cal.3d 468, 479-80 (1982)) (the California Supreme Court has recognized that collateral estoppel may be applied to decisions made by administrative agencies where the prior proceedings possess a judicial character).

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies." *Montana,* 440 U.S. at 153.  Federal courts "are required to give state court judgments the preclusive effect they would be given by another court of that state ." *Brodheim v. Cry,* 584 F.3d 1262, 1268 (9th Cir. 2009) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 84 (1984)).  "The preclusive effect accorded a state court judgment in a subsequent federal court proceeding is determined by reference to the laws of the rendering state." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 250 (9th Cir. 1992) (citing 28 U.S.C. § 1738; *Marrese v. Am. Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380 (1985)); *see also Migra,* 465 U.S. at 85.  Therefore, the Court in this case looks to the preclusion rules of California.  *See Miofsky v. Super. Ct. of St. of Cal., In and For Sacramento Cnty.,* 703 F.2d 332, 336 (9th Cir. 1983).

In order to bar a later suit under preclusion principles, state law requires that "(1) a claim or

issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding."[7] *People v. Barragan*, 32 Cal. 4th 236, 253 (2004); *see also Maldonado v. Harris,* 370 F.3d 945, 952 (9th Cir. 2004) (under California law a final judgment "precludes further proceedings if they are based on the same cause of action.").

Because the Complaint involves the same primary right and issue litigated by the parties to final judgment in OAH Case No. 2020090289, affirmed by the Court upon review pursuant to § 1415(i)(2), the elements of res judicata and collateral estoppel are met in this case, as discussed below. *See Astoria Federal Sav. and Loan Ass'n*, 501 U.S. at 107-08 (to allow repeated claims on the same issue would drain judicial resources and overly burden parties who have already argued to final judgment successfully).

### 1. Procedural Matters

W.A. revisits his above discussed objection to judicial notice, arguing that the Court cannot rule on District's 12(b)(6) motion because the IDEA requires the Court have before it the entire administrative record. (Doc. 24 at 3 citing 20 U.S.C. § 1415(i)(2)(C).) The Court rejects this argument, for the reasons stated.

### 2. Identity of Parties

The record before the Court reflects that W.A. and the District are the named parties in interest in both (1) the First Filed Action regarding the consolidated OAH Case No. 2020090289 and the resultant March 15, 2021 OAH Decision, and (2) the Complaint regarding OAH Case No. 2022020753 and the resultant May 27, 2022 OAH Decision. Thus, the Court finds identity of parties for purposes of res judicata and collateral estoppel. *Barragan*, 32 Cal. 4th at 253.

### 3. Identity of Facts

The record before the Court reflects the same nucleus of core facts underlies both (1) the First

---

[7] The United States Supreme Court utilizes the terms "claim preclusion" and "issue preclusion" rather than "res judicata" and "collateral estoppel." *Johnson v. GlaxoSmithKline, Inc.,* 166 Cal.App.4th 1497, 1507 n.5 (2008) (citing *Taylor v. Sturgell,* 553 U.S. 880, 892 (2008)). "However, California usage . . . is to use the term 'collateral estoppel' to refer to issue preclusion and 'res judicata' to refer to claim preclusion." *Id.*

Filed Action regarding the consolidated OAH Case No. 2020090289 and the resultant March 15, 2021 OAH Decision, and (2) the Complaint regarding OAH Case No. 2022020753 and the resultant May 27, 2022 OAH Decision. Thus, the Court finds identity of facts for purposes of res judicata and collateral estoppel. *Id.*

### 4. Identity of Claim and Issue

The record before the Court reflects that the same claim and issue are raised in both: (1) the First Filed Action regarding the consolidated OAH Case No. 2020090289 and the resultant March 15, 2021 OAH Decision, and (2) the Complaint regarding OAH Case No. 2022020753 and the resultant May 27, 2022 OAH Decision.

To determine claim and issue identity for purposes of preclusion, the Ninth Circuit references the following criteria (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action, (2) whether substantially the same evidence is presented in the two actions, (3) whether the two suits involve infringement of the same right, and (4) whether the two suits arise out of the same transactional nucleus of facts. *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405 (9th Cir. 1993); *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (citing the same criteria, the last of which is the most important).

Similarly, state law preclusion principles look to whether the causes of action raised in the two suits are based on the same "primary right." *Atwell v. City of Rohnert Park*, 27 Cal. App. 5th 692, 699 (2018), as modified (Sept. 26, 2018) (quoting *Fed'n of Hillside & Canyon Assns. v. City of Los Angeles*, 126 Cal. App. 4th 1180, 1202 (2004)). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake, even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.' " *Id.* (quoting *Tensor Grp. v. City of Glendale*, 14 Cal. App. 4th 154, 160 (1993)).

Here, both the First Filed Action and the Complaint assert the identical claim and issue. In both proceedings, W.A. sought 20 U.S.C. § 1415(i)(2) review of the March 15, 2021 OAH Decision finding that the District's February 28, 2020, IEP offer provided W.A. a FAPE in the LRE. Particularly, these proceedings sought redress of the same primary right, i.e. the same injury to W.A.

and the same wrong by District. *See Atwell*, 27 Cal. App. 5th at 699; *see also City of Martinez v. Texaco Trading & Transp., Inc.,* 353 F.3d 758, 762 (9th Cir.2003) (citing *Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n,* 60 Cal.App.4th 1053, 1065 (1998)) ("Res judicata applies if: (1) the issues decided in the prior adjudication were identical to the issues raised in the present action, (2) the prior proceeding resulted in a final judgment on the merits, and (3) the party against whom the plea is raised was a party or was in privity with a party to the prior adjudication."); *K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1095 (9th Cir. 2013) (the IDEA creates and enforces safeguards to ensure that children receive a FAPE).

Importantly, the same facts undergird both the First Filed Action and the Complaint. *See* Doc. 1 at 3-7; First Filed Action, Doc. 1 at 4-8; *see also Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) ("The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.' "). W.A. has not made any showing that the Complaint relies upon evidence over and above that presented in the First Filed Action.

W.A. correctly observes that in the First Filed Action, it was the District that raised and sought relief on the issue of whether the February 28, 2020, IEP offered W.A. a FAPE in the LRE; whereas in the Complaint, it was he (W.A.) who raised and sought relief on this issue.

However, the Court is unpersuaded by W.A.'s unsupported argument that the identity of the party seeking due process destroys claim and issue identity for preclusion purposes, on the facts and circumstances before the Court. *See e.g., Hawkins v. Risley*, 984 F.2d 321, 325 (9th Cir. 1993) (prior habeas action precluded subsequent § 1983 action where plaintiff raised the identical issues but sought different relief); *see also Silverton v. Dep't of Treasury of U. S. of Am.*, 644 F.2d 1341, 1347 (9th Cir. 1981) ("[A] decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards.").

5.   **Impairment of Rights**

The Court finds that allowing W.A. to proceed on the Complaint would impair the District's rights finally adjudicated in the First Filed Action. Therein, the District prevailed on the issue that its

13

February 28, 2020 IEP provided W.A. a FAPE in the LRE.  (*See* First Filed Action, Doc. 28-5 at 233-300.)  As noted, upon 20 U.S.C. § 1415(i)(2) review the Court affirmed the March 15, 2021 OAH Decision entering judgment in favor of the District on that issue.  (*See* First Filed Action, Doc. 43.)

W.A. was afforded a full and fair opportunity to litigate the instant claim and issue in the consolidated OAH Case No. 2020090289 and the First Filed Action.  *See Shaw v. St. of Cal. Dept. of Alcoholic Beverage Control,* 788 F.2d 600, 606 (9th Cir.1986) (citing *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 480-81 & n. 22 (1982)) ("The Supreme Court has held that . . . claim . . . preclusion can[not] be applied by a federal court if there was not a full and fair opportunity to litigate in the state proceeding."); *see also Silverton,* 644 F.2d at 1347 (same).  Relitigating the instant claim and issue in this proceeding would expose the District to the possibility of a different outcome and an inconsistent judgment – thereby impairing its rights adjudicated in the First Filed Action.  *See Costantini,*  681 F.2d at 1201-02.

W.A.'s argument that the District's rights cannot be impaired during the pendency of the Court's 20 U.S.C. § 1415(i)(2) review in the First Filed Action, is moot.  (*See* Doc. 24 at 4-5, citing 20 U.S.C. § 1415(i)(2)(C); *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985)) ("Under California law, however, a judgment is not final for purposes of *res judicata* during the pendency of and until the resolution of an appeal.").  As noted, on June 26, 2024, the Court affirmed the March 15, 2021 OAH Decision.  (*See* First Filed Action, Doc. 43); *see also Sosa v. DIRECTV, Inc.,* 437 F.3d 923, 928 (9th Cir.2006) (under California law, a judgment is final for purposes of res judicata after resolution of an appeal).

**C.     Duplicative Actions**

District also argues that this proceeding is duplicative of the First Filed Action.  (*See* Docs. 17, 17-1.)  The Court agrees.

Even if the District were not entitled to Rule 12(b)(6) dismissal, the Court finds the Complaint would be subject to dismissal as duplicative of the First Filed Action. "It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) (citing *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007) overruling on other grounds

recognized by *It's My Seat, Inc. v. Woodley*, 2023 WL 6458647, at *1 (9th Cir. October 4, 2023)) ("After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action. . . ."); *see also Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("Federal courts do, however, retain broad powers to prevent duplicative or unnecessary litigation."). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adam*s, 487 F.3d at 688. "[In] assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689.

Here, the Court finds no justification for allowing two separate cases to proceed based on what plainly is a single appeal from the March 15, 2021 OAH Decision on the issue whether the February 28, 2020 IEP provides W.A. a FAPE in the LRE. In the interests of judicial economy, this action should be dismissed as duplicative. *See Adams,* 487 F.3d at 690; *Costantini,* 681 F.2d at 1201-02.

**D.   Stay of the Case; Leave to Amend**

W.A., in opposing the instant motion to dismiss, requests the case be stayed pending the Court's resolution of the § 1415(i)(2) appeal in the First Filed Action. That request is moot in light of the Court's June 26, 2024 affirmance of the March 15, 2021 OAH Decision, and denied on that basis. (*See* First Filed Action, Doc. 43.) Additionally, W.A. requests leave to amend the Complaint to allege unspecified additional facts regarding ALJ Nisperos's alleged failure to stay proceedings in OAH Case No. 2022020753 pending a ruling in the First Filed Action. (*See* Doc. 24 at 5-6.)

To the extent a pleading, deficient under Rule 12(b)(6), can be cured by the allegation of additional facts, a plaintiff should be afforded leave to amend. *See Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018); *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (same). The policy of permitting pleading amendments should be applied with "extreme liberality." *Hoang,* 910 F.3d at 1102; *see also Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

Leave to amend need not be granted when "any amendment would be an exercise in

futility[.]" *Hoang*, 910 F.3d at 1103 (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)).  In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003).  A district court ordinarily must grant leave to amend unless one or more of the following factors in *Foman* is present (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment.  *Eminence Capital*, 316 F.3d at 1052.

Having granted District's instant motion to dismiss the Complaint on claim and issue preclusions grounds, the Court finds that leave to amend would be an exercise in futility.  There is no set of facts that could overcome the preclusion bar so to allow W.A.'s Complaint to proceed, for the reasons stated.  W.A.'s Complaint, and his opposition to District's instant motion to dismiss proffer no additional facts or legal bases that could remedy this deficiency. Accordingly, the Court finds leave to amend would be futile.  Leave to amend will be denied.

## V. CONCLUSIONS

Upon considering the pleadings, record, undisputed matters judicially noticed and in the public record, and the controlling law, the Court finds: (1) the Complaint is precluded by res judicata and collateral estoppel principles raised by the March 15, 2021 OAH Decision in OAH Case No. 2020090289, affirmed by the Court on June 26, 2024 following review pursuant to the IDEA; (2) W.A.'s request the case be stayed is moot; and (3) amendment of the Complaint would be futile. Thus, the Court **ORDERS**:

    1. W.A.'s request to stay the case is **DENIED** as **MOOT**.

    2. District's motion to dismiss the Complaint pursuant to Rule 12(b)(6) (Doc. 17) is **GRANTED WITHOUT LEAVE TO AMEND**.

///

///

///

///

3. The Clerk is directed to enter judgment and to close this case.

IT IS SO ORDERED.

Dated:  **August 1, 2024**

_____
UNITED STATES DISTRICT JUDGE